# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLEN PEPPLER, | ) | |
| Plaintiff, | ) | Civil Action No. 14-273 |
| v. | ) | Judge Cathy Bissoon |
| KINDRED HOSPITAL – PITTSBURGH – NORTH SHORE LLC | ) ) ) | |
| Defendant. | ) | |

## ORDER

For the reasons that follow, the Motion to Dismiss Plaintiff's Complaint (Doc. 12), filed by Defendant Kindred Hospital—Pittsburgh—North Shore LLC, will be denied. At issue in this motion is whether Plaintiff Ellen Peppler's Complaint (Doc. 1-2), alleging discrimination under the Pennsylvania Human Rights Act (PHRA), should be dismissed on statute of limitations grounds.

To seek relief under the PHRA, a complaint must first be filed with the Pennsylvania Human Rights Commission (PHRC). See Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 919-20 (Pa. 1989). If, within one year after filing the complaint, the PHRC dismisses or does not resolve the complaint, the PHRC must notify the complainant. See 43 P.S. § 962(c)(1). The complainant may then, "on receipt of such a notice," file suit in a Pennsylvania court of common pleas. Id. The dispute in this case concerns the proper interpretation of the statute of limitations for bringing a cause of action when the PHRC closes a complaint.

According to the statute, "An action under this subsection shall be filed within two years after *the date of notice* from the Commission closing the complaint." 43 P.S. § 962(c)(2)

(emphasis added). Specifically, the parties disagree as to whether the statute of limitations began to run on the date listed on the PHRC's right-to-sue letter, or on the date the letter was received by Plaintiff. Defendant argues that Plaintiff had two years from the date on the PHRC's right-to-sue letter to bring an action, and that the Complaint should be dismissed because Plaintiff filed the Complaint two years and one day after that date. See Motion to Dismiss at ¶¶ 8, 16. Plaintiff, on the other hand, asserts that she had two years from receipt of notice of the PHRC's closing of her complaint in which to file an action. See Brief in Response to Motion to Dismiss at 2. Plaintiff contends that, if the PHRC's letter was mailed on December 2, 2011, then the earliest it could possibly have been received was December 3, 2011. See id. at 5. Therefore, Plaintiff argues, the Complaint filed two years later, on December 3, 2013, is timely. See id.

Under the PHRA, a claimant has two years "after *receipt* of a right to sue letter from the PHRC and notification that the PHRC has closed the case to file a complaint." N'Jai v. Floyd, No. 07-1506, 2009 WL 1531594, at *30 (W.D. Pa. May 29, 2009) (emphasis added); see also Paytas v. Kindred Hospital, No. 14-274 (W.D. Pa. Apr. 29, 2014) (denying motion to dismiss where the defendant failed to show that the plaintiff's claim was untimely when the complaint was filed two years and one day after the date on a right-to-sue letter to the attorney, and where evidence was lacking as to the date the PHRC sent the plaintiff's notice or the date the plaintiff actually received the notice). Because the cases cited by Defendant, in support of its argument to the contrary, are clearly distinguishable from the case at bar, the Court is not persuaded that the analyses contained therein are relevant here.[1] Accordingly, the statute of limitations generally

---

[1] See, e.g., Langan v. Proctor & Gamble Co., 2009 WL 1816950 (M.D. Pa. June 24, 2009) (wherein suit was filed four months after the statute of limitations had expired); Gillespie v. Wackenhut Corp., No. 12-1631 (E.D. Pa. Apr. 18, 2013) (holding that plaintiff's claims were time-barred because she had failed to file a motion for leave to file an amended complaint until four months after the statute of limitations had run).

2

begins to run on "the date on which the [right-to-sue] letter is received by the complainant." N'Jai, 2009 WL 1531594, at *30.

In the case at bar, the PHRC's right-to-sue letter is dated December 2, 2011. See Motion to Dismiss, Exhibit B (Doc. 12-2). The date Plaintiff received the letter, however, is unknown. Mail generally is not received the same day that it is sent, and the Court must account for this lapse of time, which is sensible from both a legal and practical perspective. See Wilson v. Beard, 426 F.3d 653, 664 (3d Cir. 2005); Taylor v. WHYY, Inc., No. 03-CV-2484, 2006 WL 2711748, at *4 (E.D. Pa. Sept. 20, 2006). Since the date on the right-to-sue letter is December 2, 2011, it reasonably can be presumed that Plaintiff did not receive the letter until days later, and certainly not before December 3, 2011.[2]

In considering Defendant's Rule 12(b)(6) motion, the Court must accept as true all well-pleaded facts and allegations, and draw from them all reasonable inferences in Plaintiff's favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It has not been shown that Plaintiff received the PHRC's right-to-sue letter the same day that it was dated, nor would it be reasonable for the Court to so presume. Thus, Defendant's Motion to Dismiss (**Doc. 12**) is **DENIED**.

IT IS SO ORDERED.

January 8, 2015            s\Cathy Bissoon
                                                             Cathy Bissoon
                                                             United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] Likewise, in Title VII cases, when the date of receipt of an EEOC right-to-sue letter is unknown, there is a presumption that it was received three days after it was mailed. See Fed. R. Civ. P. 6(d); Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 238-39 (3d Cir. 1999).